IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HERBERT THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action 7:08-CV-119-HL |
| | : | |
| WAL-MART STORES EAST, L.P., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Plaintiff filed this case against Wal-Mart Stores East, L.P. ("Wal-Mart") on July 28, 2008 in the Superior Court of Lowndes County, Georgia. Defendant timely filed a Notice of Removal (Doc. 1) (the "Notice"), removing the case to this Court on the basis of 28 U.S.C. Sections 1331 and 1332. Rather than filing an answer, Defendant filed its Motion to Dismiss/Alternative Motion for a More Definitive Statement and Supporting Memorandum of Law (Doc. 2) (the "Motion") on September 4, 2008. For the following reasons, this Court grants the Motion.

In his pro se Complaint, attached as part of Exhibit "A" to the Notice, Plaintiff, without any recital of supporting facts, alleges that Wal-Mart discriminated against him on the basis of gender and prays for an award of $2.5 million. Defendant filed the Motion seeking either to have the Complaint dismissed, or to require Plaintiff to provide a more definite statement of his claim. In response to the Motion, Plaintiff filed his Motion to Not Dismiss Complaint

1

(Doc. 6) wherein Plaintiff provided further information in support of his claim. Plaintiff's account of the facts is rather confusing, but the Court understands that the following are Plaintiff's allegations.  Plaintiff visited an unspecified Wal-Mart store and attempted to pay for his groceries with a check.  (Pl.'s Mtn. to Not Dismiss Comp. 1.) An unnamed Wal-Mart employee refused to accept his check. (Pl.'s Mtn. 1.)  Plaintiff complained to Mrs. Clara Smith, a staff member at the Lakeside Apartments where Plaintiff resided, and Mrs. Smith spoke with customer service regarding Plaintiff's situation.  (Pl.'s Mtn. 1.)  After discussing the matter with Mrs. Smith, Wal-Mart agreed to accept Plaintiff's check.  (Pl.'s Mtn. 1.)  Plaintiff asked the customer service representative why she trusted Mrs. Smith and not him, and the representative allegedly responded "You can't trust everybody," which Plaintiff understood to mean "you can't trust a BLACK MAN. . . ."  (Pl.'s Mtn. 1) (emphasis in original).

     A review of the statutes, case law and secondary sources regarding gender discrimination cases indicates that plaintiffs generally seek to vindicate alleged discrimination in at least three different contexts, only two of which are actually actionable.  The first context involves alleged discrimination in an employer-employee relationship, or in a potential employer-employee relationship.  See, e.g., Serapion v. Martinez, 119 F.3d 982 (1st Cir. 1997).  In this context, Title VII of the United States Code provides a cause of action for plaintiffs who have been discriminated against on the basis of gender.  See id.

The second context involves discrimination against a plaintiff by a violation of his Fourteenth Amendment right to equal protection by the state or a private entity acting on behalf of the state.  There is a cause of action for gender discrimination in this context.  J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 130-31 (1994); Perkins v. Londonderry Basketball Club, 196 F.3d 13 (1st Cir. 1999).  The third context involves the alleged discrimination against a plaintiff on the basis of gender by a purely private party in a non-employment situation.  There is no cause of action for gender discrimination in this context.  See, e.g., American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999).

It is clear that Plaintiff is alleging that Wal-Mart discriminated against him on the basis of gender by refusing to accept his check as payment for his groceries.  This allegation does not support a Title VII action as it does not involve an employment relationship; nor does it support a Fourteenth Amendment Equal Protection action as there is no allegation that Wal-Mart was acting on behalf of the state, and this Court is skeptical of whether, in this context, such an allegation could even be supported.  Even assuming, arguendo, that Wal-Mart did discriminate against Plaintiff on the basis of gender by initially refusing to accept Plaintiff's check (but eventually accepting it), it is a case of gender discrimination by a private party, not in the context of an employment relationship, and, therefore, is not actionable.  As such, Plaintiff has failed to state a claim upon which relief can be granted, and his Complaint is dismissed with

prejudice.

**SO ORDERED**, this the 16th day of September, 2009.

/s/ Hugh Lawson  
HUGH LAWSON, JUDGE

jch